**BAYARD et al. v. TRADERS & GENERAL INS. CO.**

Civ. A. No. 3177.

United States District Court
W. D. Louisiana, Lake Charles Division.
April 11, 1952.

Minos H. Armentor, New Iberia, La., John A. Patin, Lake Charles, La., for plaintiffs.

Davidson & Meaux, Lafayette, La., for defendant.

Helm & Simon, New Iberia, La., for Travelers Ins. Co., intervenor.

DAWKINS, Chief Judge.

In support of the motion for a new trial, plaintiff has tendered copies of the consent to be sued by the defendant in a direct action duly certified as having been filed with the Secretary of State. However, this accident happened on March 14, 1950; the suit was brought on January 9, 1951; and the consent was filed with the Secretary of State on February 28, 1951. It was exacted as a condition to the defendant's doing business in the state, and to that extent was coerced and should be strictly construed as in derogation of common right. So construing it and having found in this case that Act 55 of 1930 attempts to create a substantial right in third persons not par-

ties to the original contract, it is not believed that it can apply to this case under the circumstances stated. The decision of the State Court of Appeals for the Second Circuit in Churchman v. Ingram, La.App., 56 So.2d 297, conflicts with the decision of other circuits and with those of the State Supreme Court reviewed in the original opinion herein, and cannot be accepted as controlling. As pointed out heretofore, the insurance company and the insured had a right to make such a contract as they saw fit, so long as it was valid and not inconsistent with the law of the State where made. Having done so, the Louisiana statute has the effect of nullifying the provisions of that contract and creating a right or obligation which not only was not assumed by the insurer, but in conflict with the agreement as made. Suppose a contract had in express terms provided that the insurer agreed to indemnify the insured only on the condition and in the event of the latter's being condemned to pay and actually paying, except when bankrupt, any amounts which the insured had to pay because of its negligence or that of its employees in the operation of the machinery. This undoubtedly would have suspended the operation of the contract until this condition precedent had brought it into being. Articles 2021, 2028 and 2037 of the Civil Code recognize and define such obligations, and it has been uniformly held that no right accrues until the condition has been fulfilled. The provisions of the policy now involved, in effect, do exactly what is thus suggested, and to say that the Legislature of this State can ignore such a provision and write a new contract for the parties, eliminating this condition and requiring that any such amounts be paid not to the insured but to a third party unknown when the contract was made, is to arrogate to it the right to remake the contract to conform to terms which the parties not only never intended but expressly excluded. If this does not affect a substantial right, it is hard to conceive a case in which it could be done.

For the reasons pointed out in the former opinion, to sustain the contention that this condition can be ignored would be to deprive defendant of a property right, not by due process but by legislative fiat clearly in violation of the Federal Constitution. See authorites cited in original opinion.

As stated in the former opinion, Bish v. Employers' Liability Assurance Corporation, Ltd., D.C., 102 F.Supp. 343, the State could exclude all foreign insurance companies for refusal to give consent to be sued in a direct action, but if they declined to comply and stayed out, economic conditions, it is believed, would soon correct that condition. On the other hand, the companies might determine to create subsidiaries or to incorporate under the law of Louisiana so as to become citizens of this state, in which event the diversity jurisdiction, which is the sole basis for bringing these actions in the federal court, would be eliminated.

The motion for a new trial will be denied.